IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION



| | | |
|---|---|---|
| JAMES BOGUSKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. EP-16-CV-247-FM-MAT |
| | § | |
| HEAVEN BURKE-LAPIN, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

On this day came on to be considered Plaintiff's complaint in accordance with the screening provisions of 28 U.S.C. § 1915A. Plaintiff is a state inmate who is incarcerated at the John Middleton Unit, Abilene, Texas. Proceeding pro se and in forma pauperis, he has submitted a complaint seeking relief under 42 U.S.C. § 1983. Following a review of his complaint, the Court is of the opinion that all of Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915A (b)(1) as frivolous and for failure to state a claim upon which relief may be granted.

### I. Plaintiff's Allegations

Plaintiff alleges that in April or May of 2011, Defendant Heaven Burke-Lapin broke into his home, ransacked it, and stole a ring worth $5000.00. He claims he contacted Defendant El Paso Police Department ("EPPD") for help, but the EPPD refused to file a report, failed to arrest and prosecute Defendant Burke-Lapin, failed to retrieve the stolen ring, and failed to issue a restraining order against Defendant Burke-Lapin. He further alleges Defendant State of Texas failed to

prosecute Defendant Burke-Lapin or retrieve the property. In addition to monetary damages in the amount of $5500.00, plus filing fees and court costs, Plaintiff asks the Court to issue a restraining order against Defendant Burke-Lapin and to charge Defendant Burke-Lapin with breaking and entering and theft.

## II. Discussion

### A. Standard of Review

Congress has directed federal courts to review a complaint in a civil action in which a prisoner seeks relief from governmental entities or employees. 28 U.S.C. § 1915A(a). In the course of this review, the Court is directed to dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1); *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012). This directive applies to all prisoner complaints regardless of whether the filing fee has been paid in full or the prisoner is proceeding in forma pauperis. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

When screening a complaint pursuant to section 1915A, the Court accepts the facts alleged in the complaint as true and construes them in the light most favorable to the prisoner. *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014). When reviewing a complaint for frivolousness under section 1915A(b)(1), the Court applies the same standard as that used to dismiss claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Morris*, 702 F.3d at 189. That is, a complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is 'based on an indisputably meritless legal theory,' such as if the complaint alleges the violation of a legal interest which clearly does not exist." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 327).

Whether a complaint fails to state a claim for purposes of section 1915A(b) is determined by "apply[ing] the same standard of review applicable to dismissals made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Ruiz v. LeBlanc*, 643 F. App'x 358, 360 (5th Cir. 2016). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Additionally, it is well-established that a court reviews pro se pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "[p]ro se status does not give plaintiffs a prerogative to file meritless claims." *Olstad v. Collier*, 205 F. App'x 308, 310 (5th Cir. 2006) (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). Parties proceeding pro se are still required to provide sufficient facts in support of their claims; mere conclusory allegations are insufficient. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citations omitted). Pro se status does not offer the plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 359. With this backdrop in mind, the Court will examine Plaintiff's allegations to see if they can be construed to state a claim.

**B. Section 1983 Claims**

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for

vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). To state a claim under section 1983, a plaintiff must allege a violation of his rights secured by the Constitution or laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

Plaintiff does not allege the violation of a specific constitutional right by Defendant Heaven Burke-Lapin, and this Court cannot conceive of a constitutional violation that could be based upon the facts alleged. Further, Plaintiff alleges no facts that show Burke-Lapin acted under color of state law.[1] Accordingly, he has not stated a section 1983 claim against Defendant Heaven Burke-Lapin.

Plaintiff has not alleged the violation of any specific constitutional right by the EPPD. Moreover, the EPPD is not a proper party because it is not a "person" for purposes of section 1983 liability. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313-14 (5th Cir. 1991) (police departments are not jural entities subject to suit under section 1983).

Plaintiff's allegations do not state a claim against the State of Texas. Section 1983 does not waive the states' sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 338 n. 7 (1979), and Texas has not consented to this suit. *See Emory v. Texas State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir.1984). Thus, Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 against the State of Texas is barred by the Eleventh Amendment. *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d

---

[1] The requirement that the deprivation occur under color of state law is also known as the state action requirement. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). State action is shown only if the private actor is implementing an official government policy or custom or if the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.* 634 F.3d 309, 312 (5th Cir. 2011).

1052, 1054 (5th Cir. 1998) (citing *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n. 9 (5th Cir.1991)).

Finally, even assuming Plaintiff's allegations could be construed to state a claim under section 1983, his claims are barred by the statute of limitations. The statute of limitations for a suit brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *See Pete v. Metcalfe,* 8 F.3d 214, 217 (5th Cir.1993). Texas has a two year statute of limitations for personal injury claims. *See Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir.1989). As Plaintiff alleges the events that form the basis of his complaint took place in April or May of 2011, his claims are time-barred. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

### III. Conclusion

Construing the allegations in the light most favorable to the Plaintiff and with every doubt resolved in his favor, the complaint does not state any valid claim for relief. Accordingly, it is RECOMMENDED that all claims against Defendants be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted.

SIGNED AND ENTERED this 31st day of August, 2016.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

## NOTICE

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.